# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORNELL AVINGTON, SR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE AUTO PROPERTY AND )<br>CASUALTY INSURANCE COMPANY, )<br>an Ohio corporation, )<br>)<br>Defendant. ) | Case No. 07-CV-364-GKF-FHM |

## OPINION AND ORDER

This matter comes before the Court on the following motions filed by plaintiff Cornell Avington, Sr. ("Avington"): a "Combined Plea to Jurisdiction and Application for Summary Remand" [Document No. 12]; a second Motion for Remand [Document No. 27]; and an Application for Sanctions [Document No. 31].

On July 25, 2003, Avington filed a motor vehicle negligence action against Betty Dedmon ("Dedmon") in the state District Court in and for Tulsa County, Oklahoma. Nearly three years later, on April 17, 2006, Avington filed an Amended Petition in which he sued State Auto Property and Casualty Insurance Company ("State Auto") for breach of the underinsured motorist provisions in an insurance contract and for breach of the duty of good faith and fair dealing. On May 29, 2007, one year and seventy-two days later, Avington dismissed its claim against Dedmon. On June 28, 2007, State Auto removed the case to federal court. Avington seeks an order remanding the action to state court.

There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Removal statutes are to be strictly construed, and all doubts are to be resolved

against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Section 1446(b) of Title 28 of the United States Code provides, in pertinent part

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The one-year limitation should be strictly interpreted and enforced. *Caudill v. Ford Motor Co.*, 271 F. Supp. 2d 1324 (N.D. Okla. 2003). Although the one-year limitation upon removal can lend itself to abuses and inequities, "it is for the Congress and not this Court to rewrite the provisions of section 1446(b) to curb such abuses." *Martine v. National Tea Co.*, 841 F. Supp. 1421 (M.D. La. 1993); *Caudill*, 271 F. Supp. 2d at 1327.

Some courts have crafted an equitable estoppel exception to prevent plaintiffs from taking advantage of a strict reading of Section 1446(b). The Fifth Circuit held that the one-year limit on removal is subject to equitable tolling when the plaintiff has engaged in forum manipulation. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-28 (5th Cir. 2003). In *Tedford*, the plaintiff engaged in a pattern of forum manipulation from the outset, including an eleventh-hour joinder of a non-diverse defendant, the failure to take any discovery from the non-diverse defendant, and the post-dated execution of a Notice of Nonsuit before the one year anniversary of the commencement of the action coupled with plaintiff's failure to notify the defendant of the nonsuit until after the anniversary.

In contrast, the Eleventh Circuit has indicated in dictum that it would not recognize an equitable exception to the statutory time limit. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.12

(11th cir. 1994).  The parties do not cite (and the court has not found) a case in which the Tenth Circuit has addressed the issue.

Even if the equitable estoppel exception were to be recognized in the Tenth Circuit, this Court would decline to do so in this particular case.  At least four circuits have held that the one-year limitation applies in cases (such as this) that were not removable in the first place.  16 JAMES WM. MOORE ET AL., MOORES'S FEDERAL PRACTICE ¶ 107.30[3][a] (3d ed. 2007).  Plaintiff's initial negligence claim against Dedmon, the alleged tortfeasor, was not removable.

In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal.  *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), aff'd 546 U.S. 132 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).   In this case, State Auto had an objectively reasonable basis for seeking removal.

**WHEREFORE**, plaintiff's "Combined Plea to Jurisdiction, Application for Summary Remand" [Document No. 12] is granted; the [second] Motion for Remand [Document No. 27] is moot; and the Application for Sanctions [Document No. 31] is denied.  The Court Clerk is hereby directed to remand this action to the District Court in and for Tulsa County, Oklahoma.

**IT IS SO ORDERED** this 24th day of February, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma